Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Waterloo Rescue, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: ) | |
| ) | |
| ADAMS 3, LLC, ) | Case No. 22-205-ELG |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| ) | |
| YSRTL LLC TES CUSTODIAN, ) | |
| ) | Adv. Case No. 23-10033-ELG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WATERLOO RESUCE, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| and ) | |
| ) | |
| ANY AND ALL UNKNOWN OWNERS OF ) | |
| THE PROPERTY DESCRIBED BELOW, ) | |
| THEIR HEIRS, DEVISEES, PERSONAL ) | |
| REPRESENTATIVES, AND EXECUTORS, ) | |
| ADMINISTRATORS, GRANTEES, ASSIGNS ) | |
| OR SUCCESSORS IN RIGHT, TITLE, ) | |
| INTEREST, AND ANY AND ALL PERSONS ) | |
| HAVING OR CLAIMING ANY INTEREST ) | |
| IN THE LEASEHOLD OR FEE SIMPLE IN ) | |
| THE PROPERTY AND PREMISES IN ) | |
| THE DISTRICT OFCOLWNBIA DESCRIBED ) | |

1

| | |
|---|---|
| AS SQUARE: 2551 LOT: 0035, WHICH MAY ALSO BE KNOWN AS 2406 18TH STREET, NW, WASHINGTON, D.C. )<br><br>      Defendants. )<br>_____)<br>YSRTL LLC TES CUSTODIAN, )<br><br>      Plaintiff, )<br><br>v. )<br><br>WATERLOO RESUCE, LLC, )<br><br>and )<br><br>THE DISTRICT OF COLUMBIA, )<br><br>and )<br><br>ANY AND ALL UNKNOWN OWNERS OF THE PROPERTY DESCRIBED BELOW, THEIR HEIRS, DEVISEES, PERSONAL REPRESENTATIVES, AND EXECUTORS, ADMINISTRATORS, GRANTEES, ASSIGNS OR SUCCESSORS IN RIGHT, TITLE, INTEREST, AND ANY AND ALL PERSONS HAVING OR CLAIMING ANY INTEREST IN THE LEASEHOLD OR FEE SIMPLE IN THE PROPERTY AND PREMISES IN THE DISTRICT OFCOLWNBIA DESCRIBED AS SQUARE: 2551 LOT: 0033, WHICH MAY ALSO BE KNOWN AS 2410 18TH STREET, NW, WASHINGTON, D.C. )<br><br>      Defendant. )<br>_____) | Adv. Case No. 23-10030-ELG |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

      Comes now Waterloo Rescue, LLC ("Waterloo Rescue" or the "Defendant"), by and through undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 7012 and 7056, and Federal Rules of Civil Procedure 12(b)(1) and 56, and moves this Honorable Court to (i)

2

dismiss the above-captioned actions or, in the alternative, (ii) to enter summary judgment in favor of Waterloo Rescue in the above-captioned actions, and in support thereof states as follows:

### I.    Introduction

A bankruptcy court's ability to sell assets free and clear of liens is instrumental to the reorganizational process, as potential buyers would be loath to bid on realty and personalty potentially encumbered by the claims of aggrieved creditors. These two cases challenge that ability, with YSRTL LLC TES CUSTODIAN ("YLTC" or the "Plaintiff") asserting a right to foreclose properties purchased by Waterloo Rescue, based on tax liens of which the assets were sold free and clear. The Plaintiff's assertion is fundamentally at odds with governing law and unmoored to any good faith reading of Title 11 of the United States Code (the "Bankruptcy Code"); these cases should be dismissed for lack of subject matter jurisdiction as the claims are necessarily uncolorable as a matter of law. In the alternative, the entry of summary judgment is appropriate.

To be sure, the Plaintiff may well have claims against the bankruptcy estate of Adams 3, LLC (the "Debtor" or "Adams 3"). Those claims might be time barred. Those claims might also have been paid in full. But such is of no concern to the cases instantly at issue; endeavoring to hold Waterloo Rescue liable for the debts of Adams 3 is no different than endeavoring to hold stocking-stuffing parents liable for the debts of Toys R Us.

### II.    Standard: Motion to Dismiss

This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction…" Fed. R. Civ. P. 12(b)(1).

In construing such a motion, "the Court must accept as true all material facts alleged in the complaint. Only where the defendant raises a factual challenge to the jurisdictional facts in the complaint need the court look beyond plaintiff's allegations." *Asociacion De Reclamantes v. United Mexican States*, 561 F. Supp. 1190, 1191–92 (D.D.C. 1983) (citing *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977); *Airline Pilots Ass'n Int'l v. Northwest Airlines, Inc.*, 444 F.Supp. 1138, 1142 (D.D.C. 1978)). *See also*, *Bailey v. Washington Metro. Area Transit Auth.*, 696 F. Supp. 2d 68, 71 (D.D.C. 2010) ("Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. Thus, the court is not limited to the allegations contained in the complaint. When necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001); *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986); *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

### III.     Standard: Motion for Summary Judgment

The standard for a motion seeking summary judgment is familiarly set forth in the Federal Rules of Civil Procedure:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

As noted by the United States District Court for the District of Columbia, of the rule governing summary judgment:

> Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To determine what facts are "material," a court must look to the substantive law on which each claim rests. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.
>
> In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. All evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party. However, a nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the ultimate burden of proof at trial." By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.

*Wyoming Outdoor Council v. Dombeck*, 148 F. Supp. 2d 1, 7 (D.D.C. 2001) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); quoting *Anderson*, 477 U.S. at 255; *Celotex*, 477 U.S. at 325).

As observed by the United States Court of Appeals for the District of Columbia Circuit, "[a] fact is 'material' if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Mayorga v. Merdon*, 928 F.3d 84, 89 (D.C. Cir. 2019) (quoting *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006)). *See also*, *Folksamerica Reinsurance Co. v. Republic Ins. Co.*, 2004 WL 1043086, at *2 (S.D. N.Y. 2004) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment."); *Associated Indus. Ins. Co. v. Mt. Hawley Ins. Co*., 2021 WL 1921016, at *3 (S.D.

5

Cal. 2021) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") (quoting *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)).

**IV.     Undisputed Material Facts**

1.     The Debtor is the previous owner of the real property located at 2406-2410 18th Street, NW, Washington, DC 20009 (collectively, the "Property"). *See* Deed, attached hereto as Exhibit A.

2.     On November 1, 2022, the Debtor filed a petition for Chapter 11 relief in this Honorable Court. *See* DE #1 in the Main Case.

3.     Scarcely a month later, a Chapter 11 trustee was appointed to take charge of the Debtor's estate. *See* DE #41 in the Main Case.

4.     A secured creditor of the Debtor subsequently proposed a plan of reorganization (the "Plan"), pursuant to which the Property was to be transferred to Waterloo:

> …free and clear of all (i) Liens, mortgages, security interests, conditional sale or other title retention agreements, pledges, claims, judgments, demands, easements, charges, encumbrances, defects, options, rights of first refusal, and restrictions of all kinds and (ii) all debts arising under or out of, in connection with, or in any way relating to, any acts of the Debtor, claims, rights, including rights of setoff or recoupment, defenses, causes of action (whether at law or in equity), obligations, demands, guaranties, interests and matters of any kind or nature whatsoever that arise prior to closing.

DE #117-1 in the Main Case at § 4.1.1.

5.     The foregoing sale was expressly made "pursuant to Section 363 of the Bankruptcy Code." *Id.* at § 4.1.2.

6.     In acquiring the Property, the Debtor's estate was paid $4,260,000.00, of which $3,700,000.00 was paid through the forgiveness of debt and $560,000.00 was paid in cash. *Id.* at §§ 1.2(ll); 4.1.3.

6

7. The high bidder agreed to reimburse the Debtor's estate for any priority tax claims in excess of $400,000.00. *Id.* at § 4.1.4.

8. The Plan was confirmed on July 6, 2023. *See* DE #133 in the Main Case.

9. Shortly after the Plan's confirmation, the trustee consummated the sale of the Property to Waterloo Rescue, noting $356,542.87 to have been paid in real estate taxes "in connection with the sale." *See* DE #140 in the Main Case.

10. YLTC is the holder of two tax certificates, acquired from the District of Columbia on or about July 22, 2022 – several months *before* the Debtor sought bankruptcy protection – previously secured by the Property. *See* DE #1-1 in Case No. 23-10030-ELG, at p. 5, ¶ 5; DE #1-1 in Case No. 23-10033-ELG, at p. 5, ¶ 5.

11. YLTC was on notice of the Debtor's bankruptcy at all times relevant, declining to file suit to foreclose its tax certificates in recognition of the automatic stay set forth in Section 362 of Title 11 of the United States. *Id.* at p. 4, n. 1 (with the citation being the same in both cases).

12. On or about August 30, 2023, after Waterloo Rescue acquired the Property from the Debtor's estate, YLTC filed two suits, in the District of Columbia Superior Court, to foreclose its pre-bankruptcy tax certificate on the Property. *See* DE #1-1 in Case No. 23-10030-ELG; DE #1-1 in Case No. 23-10033-ELG.

13. Both of these cases have now been removed to this Honorable Court. *See* DE #1 in each Adversary Proceeding.

**V.     Argument: These Matters Should be Dismissed for Lack of Case or Controversy; Alternatively, Summary Judgment is Proper**

The liens the Plaintiffs seek to enforce have been extinguished by operation of law and, as such, there is no case or controversy to adjudicate *sub judice*. Permitting suit to continue, when the Plaintiff's security interests have been retired by operation of this Honorable Court's

confirmation order, would be to entertain only a matter firmly subsumed in the doctrine of mootness, all the while deterring future asset purchasers from bringing their auction paddles to 333 Constitution Avenue. Whether by dismissal or summary judgment, this duo of cases merits termination.

When a case is mooted by intervening events, this Honorable Court is deprived of subject matter jurisdiction to further entertain the matter. *See, e.g.*, *Compton v. Alpha Kappa Alpha Sorority, Inc.*, 80 F. Supp. 3d 23, 27 (D.D.C. 2015), aff'd, 639 Fed. Appx. 3 (D.C. Cir. 2016) ("No justiciable controversy is presented when the question sought to be adjudicated has been mooted by subsequent developments. 'Even where the litigation posed a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' 'rights nor have a more-than-speculative chance of affecting them in the future.' '") (citing *Associated Gen'l Contractors of Am. v. City of Columbus*, 172 F.3d 411, 419 (6th Cir.1999); quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990)).

Here, the sale of the Property, to Waterloo Rescue, free and clear of liens, served to extinguish those liens and, as such, moot any effort to foreclose those liens. As noted by the United States District Court for the Southern District of New York, in a case decided pursuant to the former Bankruptcy Act:

> The bankruptcy court, within the year from the filing of the liens, took possession of the property, and sold it free and clear of the mechanics' liens, and put the proceeds of sale into the hands of its officers, in place of the estate so disposed of. It did this by virtue of the provisions of the 20th section of the act [of 1867 (14 Stat. 526)]. It thereby foreclosed the liens. It converted into money the property that was subject to the liens, and thereby prevented the lienors from ever taking measures to foreclose the liens. The lienors were not only relieved thereby from any duty to renew or continue their liens within the year, but they had no right to renew or continue a lien against property which the bankruptcy court had sold free from such lien.

*Moran v. Schnugg*, 17 F. Cas. 723, 723 (S.D.N.Y. 1874).

In the modern lexicon of the Bankruptcy Code, a trustee – such as the one *sub judice* – is authorized to "sell property … free and clear of any interest in such property of an entity other than the estate…" 11 U.S.C. § 363(f). (There are various conditions precedent to such a sale; multiple disjunctive options are applicable in this case, including (i) the Property being sold for a price greater than the debt secured by the liens; and (ii) the Plaintiffs being capable of being compelled to accept a money satisfaction of their claims in a legal or equitable proceeding. *Id.*) *See also* 11 U.S.C. § 1129(b)(2)(A) (permitting a sale free and clear of liens through confirmation of a plan of reorganization).

Indeed, as observed by the United States Court of Appeals for the Second Circuit, the finality of a bankruptcy sale is of vital import to optimizing returns to debtors' estates:

> Section 363(m) maximizes the purchase price of assets because without this assurance of finality, purchasers could demand a large discount for investing in a property that is laden with the risk of endless litigation as to who has rights to estate property. We have long recognized the value of finality in judicial sales.

*In re Gucci*, 126 F.3d 380, 387 (2d Cir. 1997) (citing *Anheuser–Busch, Inc. v. Miller (In re Stadium Management Corp.)*, 895 F.2d 845, 847 (1st Cir. 1990); *In re Sax*, 796 F.2d 994, 998 (7th Cir. 1986); *In re General Insecticide Co.*, 403 F.2d 629, 631 (2d Cir. 1968)).

There is no dispute but that the sale to Waterloo Rescue, in this case, was free and clear of liens. Nor is there any dispute but that the *in rem* rights of a tax certificate holder constitute a lien. And it is thusly quite apparent, on this plain and incontrovertible record, that the Plaintiff cannot, as a matter of law, foreclose the rights of Waterloo Rescue in the Property.

To be sure, the Plaintiff may well have claims against the Debtor's estate. Whether or not such claims are time barred is a different issue, involving different parties, for a different day. Similarly, whether or not the Plaintiff's liens may be found to have attached to the sale proceeds

is, too, another matter to be adjudicated in a context that does not burden Waterloo Rescue with ongoing legal fees and the duress of litigation. But those claims, quite plainly, do not affix to the Property. And given that Waterloo Rescue was only liable for the payment of taxes over and above $400,000.00, with such taxes having been ultimately retired in the sum of $356,542.87, it cannot be said that any such claims could conceivably invite liability on the part of Waterloo Rescue.

### VI.    Conclusion

WHEREFORE, Waterloo Rescue respectfully prays this Honorable Court (i) dismiss these two cases, for lack of subject matter jurisdiction; (ii) alternatively, enter summary judgment, in each case, in favor of Waterloo Rescue; and (iii) afford such other and further relief as may be just and proper.

*[Signature and Certificate of Service on Following Page]*

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: November 7, 2023 | By: /s/ Maurice B. VerStandig |
| | Maurice B. VerStandig, Esq. |
| | Bar No. MD18071 |
| | The VerStandig Law Firm, LLC |
| | 1452 W. Horizon Ridge Pkwy, #665 |
| | Henderson, Nevada 89012 |
| | Phone: (301) 444-4600 |
| | Facsimile: (301) 444-4600 |
| | mac@mbvesq.com |
| | *Counsel for Waterloo Rescue* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of November, 2023, a copy of the foregoing was sent, via first class mail, postage prepaid, to:

YSRTL LLC TES CUSTODIAN
3031 S. Cole Road
Boise, Idaho 83709
*Plaintiff*

Seth Slomovitz, Esq.
Law Offices of Eric Howell Sayles, P.L.L.C.
1155 Connecticut Avenue, NW
Suite 650
Washington, DC 20036
*Counsel for the Plaintiff in
the Superior Court Action*

/s/ Maurice B. VerStandig
Maurice B. VerStandig