# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) <br> ) <br> ADAMS 3, LLC ) <br> ) <br> Debtor. ) <br> ) <br> YSRTL LLC TES CUSTODIAN ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> WATERLOO RESCUE, LLC ) <br> ) <br> Defendant ) | Case No. 22-00205-ELG <br> Chapter 11 <br><br><br><br><br> Adv. Proc. No. 23-10033-ELG |

## MOTION TO ABSTAIN AND TO REMAND
### (Identical Pleadings are Being Filed in Adv. Procs. 23-10030 and 23-10033-ELG)

YSRTL LLC TES CUSTODIAN ("the Movant"), by and through its undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 9027, responds to the Notice of Removal (Dkt. No. 1) filed by Waterloo Rescue, LLC (hereinafter referred to as "Defendant") and hereby requests the (1) entry of an order abstaining from hearing the above-captioned case pursuant to 28 U.S.C. § 1334(c), and (2) entry of an order remanding this adversary proceeding to the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1452(b), and in support thereof, states as follows:

---

MCNAMEE HOSEA, P.A.
Justin P. Fasano, Esquire (DCB # MD21201)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com

*Counsel to YSRTL LLC TES CUSTODIAN*

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Adams 3, LLC (the "Debtor") is the previous owner of the real property located at 2406-2410 18th Street, NW, Washington, DC 20009 (collectively, the "Property").

2. On November 1, 2022, the Debtor filed a petition for Chapter 11 relief in this Honorable Court. See DE #1 in the Main Case.

3. Approximately one month later, a Chapter 11 trustee was appointed to take charge of the Debtor's estate. See DE #41 in the Main Case.

4. Dashco, Inc., a secured creditor of the Debtor, subsequently proposed a plan of reorganization (the "Plan"), pursuant to which the Property was to be transferred to Defendant (an entity set up Dashco). DE #117-1 in the Main Case at § 4.1.1.

5. Defendant, as the high bidder, agreed to reimburse the Debtor's estate for any priority tax claims in excess of $400,000.00. Id. at § 4.1.4. Specifically, the Plan provided that

> Should the Priority Tax Claims exceed $400,000.00 as of the Confirmation Date, Dashco shall (i) first, have the right to challenge the imposition, calculation, assessment, levying and/or collection of any such taxes, through the initiation of a claim objection or adversary litigation in the Bankruptcy Court, or through such other judicial or quasi-judicial avenues as Dashco may deem fit in its sole and absolute discretion; 9 and (ii) second, within five days of being first apprised of such additional Priority Tax Claims, but not sooner than the fifth day following final resolution of any dispute thereof if such a dispute is initiated within five days of when Dashco is first apprised of such additional Priority Tax Claims, pay to the Chapter 11 Trustee monies equal to the difference between the whole of the Priority Tax Claims and the sum of $400,000.00. For the avoidance of doubt, Dashco shall have no obligation to pay monies to the Chapter 11 Trustee for any taxes attendant to the Real Estate that may accrue or otherwise become due and owing on any date after the date on which the sale provided for in Section 4.1 hereof is closed upon, with any such taxes thereafter being an obligation extraneous to this proceeding

Plan, § 4.1.4.

6. In acquiring the Property, the Debtor's estate was paid $4,260,000.00, of which $3,700,000.00 was paid through the forgiveness of debt and $560,000.00 was to be paid in cash.

7. On June 6, 2023, this Court entered an order approving the sale of the Property, which stated.

> Dashco agreed that its cash component up to a maximum amount of $400,000.00 would be used to pay accrued real estate taxes, insurance, and any extant liens and utilities applicable to the Properties. *Any other necessary costs to close on the sale of the Properties in amounts above $400,000.00 will be the sole responsibility of Dashco.* Dashco further agreed that the remaining $160,000.00 of its cash component bid will be carved out from the proceeds of its collateral and be used to pay administrative expenses in the amounts to be agreed to by administrative claim holders.

Docket No. 116, ¶ 5 (emphasis added).

9. Dashco's Plan was confirmed on July 6, 2023. See DE #133 in the Main Case.

10. Shortly after the Plan's confirmation, the trustee consummated the sale of the Property to Waterloo Rescue, noting $356,542.87 to have been paid in real estate taxes "in connection with the sale." See DE #140 in the Main Case.

11. The amount the Trustee paid for taxes was based on a stale proof of claim. See Proof of Claim 4-2. Accordingly, the Trustee still owed $68,210.16 in D.C. taxes (the "Tax Shortfall").

12. Movant is the holder of tax certificates for two of the three parcels which comprise the Property, acquired from the District of Columbia on or about July 22, 2022. See DE #1-1 in Case No. 23-10030-ELG, at p. 5, ¶ 5; DE #1- 1 in Case No. 23-10033-ELG, at p. 5, ¶ 5. 11.

13. Movant was not allowed to file suit to foreclose its tax certificates because of the automatic stay set forth in Section 362 of Title 11 of the United States. Id. at p. 4, n. 1.

14. Movant contacted the Trustee several times before August 30, 2023, including on August 25, 2023 and August 29, 2023, to try to obtain payment of the Tax Shortfall.

15. On or about August 30, 2023, and the stay had ended, and after Waterloo Rescue acquired the Property from the Debtor's estate, Movant filed two suits, in the District of Columbia

3

Superior Court, to foreclose its tax certificate on the Property. See DE #1-1 in Case No. 23-10030-ELG; DE #1-1 in Case No. 23-10033-ELG.  Movant was required by District of Columbia to file this suit within one year of issuance of the tax certificates on July 29, 2022, otherwise, it would have forfeited the funds paid to the District of Columbia for the tax certificates, in the aggregate amount of $427,384.33. See D.C. Code § 47-1355("(a) Except as otherwise provided, a certificate of sale shall be void if: (1) An action to foreclose the right of redemption is not brought within one year from the date of the certificate of sale; . . .(b) If a certificate shall become void . . . (2) All monies paid for the real property by the purchaser shall be forfeited to the District . . .".  That one year deadline was tolled until 30 days after the properties were no longer subject to the automatic stay pursuant to § 108 of the Bankruptcy Code, requiring the suits to be filed by September 1, 2023 (30 days after constructive notice of the sale was provided pursuant to the recorded Bankruptcy Trustee's Deed).

16. On September 7, 2023, the Trustee paid the Tax Shortfall.  However, the Trustee did not pay the attorneys' fees incurred by the Movant in filing the tax lien cases.  Had the Tax Shortfall been paid prior to August 30, 2023, there would be no further payment required to Movant; the fees first came into existence at the time the suits were filed on August 30, 2023 due to the tax underpayment.  See D.C. Code 47-1377(a)(1)(B).

17. Waterloo Rescue has now removed these cases and filed a motion to dismiss and/or for summary judgment.  However, Waterloo Rescue refuses to pay the attorneys' fees.  Waterloo has claimed $2,000.00 in attorneys' fees for each case it filed, and is entitled to its ongoing attorneys fees.  See D.C. Code 47-1377(a)(1)(B).

**ARGUMENT IN SUPPORT OF ABSTENTION AND REMAND**

I.      **MANDATORY ABSTENTION APPLIES.**

This Court should exercise its mandatory abstention pursuant to 28 U.S.C § 1334(c)(2) and remand this case to the Superior Court of the District of Columbia:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C § 1334(c)(2) (2011); *See Wheeling-Pittsburgh Corp. v. Am. Ins. Co.*, 267 B.R. 535, 538 (N.D. W.Va. 2001)) ("[A] district court must abstain from hearing a non-core, related matter if the action can be timely adjudicated in state court.") (*quoting Howe v. Vaughn*, 913 F.2d 1138, 1142 (5th Cir. 1990)).

The requirements for mandatory abstention are: (1) a party to the proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a "non-core, but related to" proceeding (i.e., not "arising in" or "arising under" Title 11); (4) the proceeding is one which could not have been commenced in a federal court absent jurisdiction under § 1334; and (5) an action is commenced and can be timely adjudicated in state court. *Massey Energy Co. v. West Va. Consumers for Justice*, 351 B.R. 348, 350 (E.D. Va. 2006). In this case, all requirements for mandatory abstention are met.

    **A.**    **Movant Filed A Timely Motion to Abstain.**  This Motion to Abstain is being filed prior to the Court's initial status conference, soon after bankruptcy counsel was obtained. It is timely. This factor supports mandatory abstention.

    **B.**    **The Underlying Claim is Based Entirely of State Law Claims.**  The claims in this case are entirely state law claims. By statute, jurisdiction is reserved for

Superior Court.[1]  There is no federal claim plead by Movants.  This factor supports mandatory abstention.

   **C.**  **This is a Non-core Proceeding.**  The underlying dispute is between two non-debtors, and a plan has already been confirmed.  Waterloo Rescue is not even a creditor. There can be no argument that the dispute is not core.  This factor supports mandatory abstention.  A dispute about the language of a sale order does not create core "arising in" jurisdiction sale order."  *In re Specialty Hosp. of Washington, LLC*, 580 B.R. 302, 310 (D.D.C. 2018).

   **D.**  **There is No Federal Jurisdiction Absent § 1334.**  The parties in this case are not diverse and there is no federal question.  Accordingly, there is no federal jurisdiction absent 28 U.S.C. § 1334.  This factor supports mandatory abstention.

   **E.**  **The Claims Can Be Timely Adjudicated.**  "The burden on the timeliness issue is more appropriately placed on the party opposing abstention."  *In re AV Car & Home, LLC*, No. 18-00434, 2018 WL 6650357, at *2 (Bankr. D.D.C. Dec. 17, 2018).  In this case, there is no reason the Superior Court could not timely adjudicate these matters, as they were bound to do before this case was removed.  They can be more quickly resolved in Superior Court than this Court, which can only issue a report and recommendation.  This factor supports mandatory abstention.

**II.**  **PERMISSIVE ABSTENTION AND EQUITABLE REMAND APPLY.**

---

[1] DC Code 47-1370 provides "(b) In a suit to foreclose the right of redemption, *the Superior Court may*: (1) Bar the right of redemption and foreclose (A) all transfers of the real property occurring before the judgment of the court as provided in this chapter and (B) all liens and encumbrances on the real property except as provided in § 47-1382; (2) Vest title in fee simple in the purchaser; or (3) Set aside the sale and determine the amount required to redeem the real property." (emphasis added).

Assuming, *arguendo*, this Court finds mandatory abstention inapplicable, it should not hear Plaintiffs' case because permissive abstention and equitable remand apply.

Permissive abstention as codified in Section 1334(c)(1), provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334 (2011). In determining whether permissive abstention is applicable, courts consider the following eight factors:

> "(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the proceeding in the main bankruptcy court; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants."

*In re Kaiser Grp. Int'l, Inc.*, 421 B.R. 1, 16 (Bankr. D.D.C. 2009).

Equitable remand is found in Section 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452 (2011). "The term 'equitable' as used in this statute does not pertain to the traditional distinction between law and equity; rather, 'equitable' is defined as 'signal[ing] that which is reasonable, fair, or appropriate.'" *Barge v. W. S. Life Ins. Co.*, 307 B.R. 541, 547 (S.D.W. Va. 2004). "Courts have noted that the factors for judging the propriety of permissive abstention are essentially identical to the factors articulated for determining the propriety of remand under 28 U.S.C. § 1452(b)." *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 265 n. 5 (M.D.N.C. 2001)).

Here, each of the factors favors equitable remand.

7

(1) **Effect on the efficient administration of the bankruptcy estate:** There is no effect on the efficient administration of the bankruptcy estate. This estate has already been administered and this matter concerns two non-debtors. Defendant, the assignee of Dashco, is not even a creditor in this proceeding.

(2) **The extent to which issues of state law predominate:** This matter concerns entirely matters of state law.

(3) **The difficulty or unsettled nature of applicable state law**: This matter concerns complicated questions of District of Columbia law, including allowance of attorneys' fees. The Superior Court is quite familiar with how to enforce claims such as these, and has often dealt with cases where taxes get paid, but attorneys' fees remain.

(4) **Comity**: This factor favors abstention. This matter deals entirely with matters of Superior Court expertise and that the statute in question reserves jurisdiction for the Superior Court.

(5) **The degree of relatedness or remoteness to the proceeding in the main bankruptcy court**: This matter is quite remote to the main bankruptcy proceeding, which is near its conclusion. Funds from the sale of the Property have nearly all been distributed at this point.

(6) **The existence of the right to a jury trial:** This factor is inapplicable. However, the fact that this Court can only issue a report and recommendation supports permissive abstention.

(7) **Prejudice to the involuntarily removed parties**: This factor ways heavily towards permissive abstention. Movant is a tax lien purchaser, and typically is entitled to enforce its liens in Superior Court. The Superior Court has an entire docket set aside

for these matters. Defendant, through its predecessor in interest, Dashco, Inc., agreed to pay taxes in excess of $400,000, but for some reason not clear to Movant, did not use a title company, relied on a stale proof of claim, and underfunded closing. Now, Defendant, having caused the Tax Shortfall, seeks to benefit by not having the pay the attorneys' fees it caused Movants to incur.

Each of the above factors favors mandatory and permissive abstention. This is a mess of Defendant's making. There is no good reason that the sale should have closed using a stale proof of claim. No one should have thought this was sufficient payment. When Movant requested payment of the Tax Shortfall prior to filing suit, it was not paid. When Movant then, as required by District of Columbia law, filed its complaint, the Tax Shortfall was paid, but not the attorneys' fees. Movant should have to jump through hoops of Defendant's creation only to have Defendant use procedural gymnastics to avoid the costs it caused Movant to incur.

WHEREFORE, Movant respectfully requests that this Court apply mandatory abstention, or in the alternative, permissive abstention and equitable relief, to abstain from hearing this adversary proceeding and remand this case to the Superior Court for the District of Columbia, and grant such other relief as it deems appropriate and proper.

Dated: November 14, 2023    Respectfully submitted,

/s/ *Justin P. Fasano*
McNamee, Hosea, , P.A.
Justin P. Fasano, Esquire (MD21201)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com
*Counsel for YSRTL LLC TES CUSTODIAN*

## CERTIFICATE OF SERVICE

I hereby certify that on this November 14, 2023, a copy of the foregoing was served by CM/ECF to all parties receiving notice thereby.

/s/ *Justin P. Fasano*
Justin P. Fasano