## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YSRTL LLC TES CUSTODIAN <br> 3031 S. Cole Road <br> Boise, ID  83709 <br><br>     Plaintiff, <br>  v. <br><br> WATERLOO RESCUE, LLC, a Virginia Limited Liability Company <br> 11350 Random Hills Road, Suite 720 <br> Fairfax, VA  22030 <br><br> And <br><br> BRADLEY D. JONES, ESQ., Chapter 11 Trustee of the Bankruptcy Estate of Adams 3, LLC <br> STINSON LLP <br> 1775 Pennsylvania Ave., NW, Suite 800 <br> Washington, DC  20006 <br><br> And <br><br> THE DISTRICT OF COLUMBIA <br> Serve: Muriel Bowser, Mayor <br> Attn: Christina Anderson, Correspondence Unit <br> 1350 Pennsylvania Avenue, NW #221 <br> Washington, DC 20001 <br><br> Serve:  Attorney General of the District of Columbia <br> Attn:  Darlene Fields <br> 441 4th St. NW <br> Washington, DC 20001 <br><br> And <br><br> Any and all unknown owners of the property described below, their heirs, devisees, personal representatives, and executors, administrators, grantees, assigns or successors in right, title, interest, and any and all persons having or claiming any interest in the leasehold or fee simple in the property and premises in the District of Columbia described as **Square: 2551** | Case No. 22-205-ELG <br><br> Chapter 11 <br><br> Adv. Case No. 23-10033-ELG <br><br> D.C. Superior Court Civil Action No. 2023-CAB-005366 <br><br> **(ACTION INVOLVING REAL PROPERTY)** |

| | |
|---|---|
| **Lot: 0033, which may also be known as 2410 18th Street, NW, Washington, D.C.** | ) )  ) |
| Defendants. | ) |

## AMENDED COMPLAINT TO FORECLOSE THE RIGHT OF REDEMPTION AND FOR OTHER RELIEF

Comes now Plaintiff, by and through its undersigned attorney, who files this action to foreclose the right of redemption on a tax lien Certificate of Sale held by Plaintiff, who states as follows in support thereof:

### JURISDICTION

1. The Superior Court of the District of Columbia has jurisdiction of the subject matter of this action pursuant to D.C. Official Code, §11-921 and §47-1330, *et seq.*, however, pursuant to a Notice of Removal filed by Defendant Waterloo Rescue, LLC, this action has been removed to the United States Bankruptcy Court for the District of Columbia.

### PARTIES

2. Plaintiff is the holder of Certificate of Sale ("Certificate") for the property described Square: 2551 Lot: 0033, which may also be known as 2410 18th Street, NW, Washington, D.C. (the "Property"). Attached hereto and made part hereof as "Exhibit 1" is a true and correct copy of the Certificate, which itemizes the amount paid in taxes, including costs of sale, which are amounts are incorporated as if fully restated herein.

3. The record owner of the Property is Defendant WATERLOO RESCUE, LLC, a Virginia Limited Liability Company ("Waterloo"), pursuant to a sale conducted by the Chapter 11 Trustee in a pending action against the original owner, Adams 3, LLC, in the United States Bankruptcy Court for the District of Columbia, by Deed recorded on August 2, 2023 and filed in the bankruptcy action on August 9, 2023.

4.Defendant Bradley Jones, Esq. is the Chapter 11 Trustee of the Bankruptcy Estate of Adams 3, LLC ("Trustee"), that conveyed the Property to Defendant Waterloo Rescue, LLC without ensuring that it was redeemed under D.C. Code § 47-1330, *et seq.*, necessitating the filing of this action.

5.The remaining Defendants are parties with a record interest in the Property, to be named as Defendants in accordance with Chapter 13A of Title 47 of the D.C. Code, 2001 Ed. (as may be amended), §47-1371(b)(1); parties that may otherwise have an interest in the Property based on Plaintiff's due diligence; and the District of Columbia, which is a required statutory Defendant.

**FACTS**

6.On or about July 22, 2022, the above-referenced Property was sold at a tax sale auction by Eva M. Liggins, Director, Real Property Tax Administration, under authority conferred upon her by the Chief Financial Officer of the District of Columbia, the Mayor of the District of Columbia and § 47-1345, et seq., of the District of Columbia Code (2001 Ed.). *See* Exhibit 1.

7.In accordance with D.C. Code § 47-1371, Plaintiff certifies, under penalty of perjury, that a search for the necessary defendants and records for at least 40 years immediately prior to filing this action has been performed in accordance with generally accepted standards of title examination of the records of the Recorder of Deeds and probate decisions of the Superior Court.

8.Plaintiff further certifies, under penalty of perjury, that an online bankruptcy records search has been performed for the record owner and the current record owner's name(s) were not found as a debtor in any active case. However, on June 26, 2023, Plaintiff received its title examination, which was reviewed at some time thereafter, and which indicated that the prior

owner, Adams 3, LLC, was the subject of a pending bankruptcy proceeding in this Court. Accordingly, the Complaint herein could not be filed in the ordinary course of the one-year filing deadline (*See* D.C. Code § 47-1355) due to the automatic stay pursuant to §362 of the Bankruptcy Code. However, once the Property was sold and the Deed recorded, it was no longer part of the Bankruptcy estate, providing Plaintiff 30 days to file this action in in accordance with the extension provided in § 108 of the Bankruptcy Code if the Property remained unredeemed.

9. More than six months have elapsed since the tax sale, and the Property has not been redeemed by a person having an interest in it. According to the District of Columbia tax assessment records, available to the public at mytax.dc.gov, a payment was made in connection with the sale of the Property from the Trustee to Waterloo on August 3, 2023, however the amount tendered was insufficient to redeem the Property.[2] Plaintiff filed the Complaint on August 30, 2023, within the extension period to the statute of limitations for filing, as provided in § 108 of the Bankruptcy Code, to avoid forfeiture of the entire amount paid for the Certificate, which would have occurred on or about September 3, 2023. Had the Complaint not been filed, the Certificate would have become void under D.C. Code 47-1355 and all monies paid forfeited to the District of Columbia.

10. On September 7, 2023, someone made a tax payment that brought the taxes current for redemption purposes.[3] However, once the Complaint was filed, additional amounts became due to redeem the Property, which have not been paid, which include Plaintiff's legal fees and expenses pursuant to D.C. Code § 47-1361(a)(6A)("Where an action to foreclose the right of redemption has

---

[2] In order to redeem, D.C. Code § 47-1361 requires the current tax balance to be paid to an amount under $100.

[3] Upon information and belief, both the Trustee and Waterloo deny making this payment.

been properly filed, the person redeeming shall pay directly to the applicable purchaser all expenses to which the purchaser is entitled to reimbursement under § 47-1377(a)(1)(B).").

11. Despite the taxes now being paid after filing of the Complaint, Plaintiff is entitled to maintain this action until the legal fees and expenses are paid to complete redemption of the Property, under D.C. Code § 47-1361(d)(2)("If a complaint under § 47-1370 has been properly filed, a purchaser may continue to prosecute the complaint until receipt of the expenses owed to the purchaser and payable to the purchaser by the redeeming party as set forth in subsection (a)(6A) of this section, but shall dismiss the complaint upon receipt thereof.").

12. At the time that the Property was conveyed from the Trustee to Waterloo, the Bankruptcy Court had ordered that all real estate taxes were to be paid in full from the sale of the Property. The Trustee failed to ensure that the real estate taxes were properly paid[4] and, upon information and belief, Waterloo appears to have failed to tender sufficient funds to the Trustee to pay all of the outstanding taxes. Had the taxes been paid as required by the Bankruptcy Court, the Certificate would have been redeemed before the Complaint was filed and this action would not exist.

13. The Trustee and/or Waterloo now have a duty to redeem the Property and cannot take advantage of the free and clear transfer of title that was ordered, when they breached that Order themselves. *See* Motion to approve the sale of the Property filed by the Trustee on April 4, 2023; Dashco plan of reorganization § 4.1.4; June 23, 2023 Order approving the sale of the

---

[4] The Trustee has claimed in filings before this Court that he paid the taxes based on a Proof of Claim filed by the District of Columbia. However, the proof of Claim includes a claim form (Exhibit A) that states on its face that it is a statement of the Pre-Petition Tax and that there may be interest or other charges in addition to the principal amount of the claim. The attached itemization did not include real property taxes accrued in 2023 whatsoever, therefore it was known (or it should have been known) that the payment was insufficient to pay the real property taxes to under a $100 balance.

Property. Put another way, Waterloo should not be allowed to wipe out a senior lien held by the Plaintiff by violating an order of the Bankruptcy Court by its failure to satisfy the lien.

14. If the Trustee and/or Waterloo do not intend to comply with the Court's requirement that the priority tax lien be redeemed, then the transaction should be unwound.

15. The Trustee is added as a party Defendant to this Amended Complaint as Plaintiff seeks to compel him to redeem the Property.

16. Further, in the event that it is determined that Plaintiff no longer has a lien on the Property based on its Certificate, Plaintiff seeks monetary relief based on the Trustee's negligence and breach of fiduciary duty as the Property should not have been conveyed by Deed to Waterloo without ensuring that the real property taxes were fully paid at the closing (which closing apparently was performed without a professional title company that would have known to properly collect and pay the taxes).

17. According to the assessment and taxation records of the District of Columbia, the Property is Commercial, classified as "Class 2" by the District of Columbia.

18. In accordance with D.C. Code § 47-1353.01, Plaintiff has posted a notice on the Property more than forty-five (45) days prior to filing this Complaint. *See* Affidavit of Pre-Complaint Posting, attached hereto as Exhibit 2.

19. Pursuant to D.C. Code §47-1360, any person having an interest in the Property may redeem the Property at any time until the foreclosure of the right of redemption is final by paying the amounts specified in D.C. Code § 47-1361.

20. Any interest or lien, which any of the Defendants herein has or claims to have in or upon the Property or some part thereof, is subject to the Certificate.

21. The sum of money necessary to redeem the Property includes all taxes listed on the Certificate as due to the District of Columbia, less surplus, in the amount of $66,832.26, <u>together with</u> interest from the date the Property was sold; court costs and attorneys' fees to compensate the Certificate holder; expenses incurred in the publication, service of process and notice by all means; reasonable fees for title searches; and any and all other amounts paid by the Plaintiff in accordance with the provisions of D.C. Code, §§ 47-1361 and 47-1377 (2001 ed.), as well as <u>all</u> outstanding real property taxes, BID taxes, vault rents, and certified municipal lien amounts due and owing on the Property, whether assessed prior or subsequent to the filing of this action, in order to bring the Property current on its outstanding taxes.

22. As of the date that the Complaint was filed, the District of Columbia had not provided a notice of redemption as required by D.C. Code § 47-1361(d), or a notice that the Certificate is void or has been cancelled. To the extent that any adjustment to the account or after-acquired information reveals that the property was redeemed prior to filing or is otherwise void or should be cancelled in the opinion of the District of Columbia, Plaintiff has detrimentally relied on information provided by the District of Columbia, or lack thereof, and seeks monetary damages against the District of Columbia for violation of the statute, for negligence, and for conversion to the extent any amounts due to Plaintiff are wrongfully held by the District of Columbia.

23. In accordance with D.C. Code §47-1370(e), and upon issuance of a Civil Action case number by the Clerk of the Court, Plaintiff provided notice of the Complaint to the Chief Financial Officer and the Real Property Tax Ombudsman, by e-mail, respectively, to [taxsale@dc.gov](mailto:taxsale@dc.gov) and [realpropertytax@dc.gov](mailto:realpropertytax@dc.gov), and electronically using OTR's online portal at MyTax.DC.gov. in accordance with applicable regulations.

**WHEREFORE**, Plaintiff respectfully requests:

A. That a Summons be issued to all Defendants, commanding them to appear in this Court on the date named therein to Answer this Amended Complaint and/or redeem the Property, and, in the case of their failure to do so, receive a final order foreclosing all rights of redemption in the Property;

B. That an Order of Publication be issued directed to all persons having an interest in the Property;

C. That, in the event of redemption, Plaintiff be refunded the amounts to which it is entitled from the District of Columbia, including the amount paid for the Certificate with interest as allowed by statute, the amount of any subsequent taxes, interest, and penalties paid by the Plaintiff with interest as allowed by statute, as well as reimbursement for pre-complaint expenses and other amounts that may be due pursuant to the statute;

D. That the Plaintiff be awarded attorney's fees and costs pursuant to D.C. Code § 47-1377, and may have such other and further relief as the nature of this case may require;

E. That, if the Property is not redeemed prior to entry of judgment and the post-judgment equity distribution requirements of D.C. Code §47-1382.01 must be met, a trustee is appointed to sell the Property consistent with the Rules of this Court;

F. That, if the trustee's appointment is rescinded by the Court, or if D.C. Code §47-1382.01 is not applicable and the Property has not been redeemed, a final judgment be entered that forecloses the right of redemption of the defendants and any and all other interested parties to the Property and directs the Mayor of the District of Columbia to execute and deliver a Deed transferring the Property, and any uncontested equity in the Property, to the Plaintiff in fee simple upon payment to the Mayor of the amount required under Chapter 13A of Title 47 of the D.C. Code, 2001 Ed., §47-1382, and directing the Mayor to enroll the Plaintiff in fee simple as the owner of the Property;

G. That this Honorable Court vests in the Plaintiff absolute and indefeasible title, one hundred percent fee simple, in and to the real property, barring all rights of redemption and claims to any equity in the Property, foreclosing any and all prior or subsequent descents or alienations of the property herein described, and all encumbrances thereon, except easements, taxes and other municipal liens accruing subsequent to the date of the attached Certificate as may be due pursuant to the relevant statute;

H. That, after issuance of a deed to Plaintiff, the Court enter an Order directing the Defendants and all persons claiming by, through, or under them to deliver up to the Plaintiff the possession of the Real Property.

I. That, in the event that the District of Columbia later determines that the Property was redeemed or cancelled prior to the date of filing, Plaintiff be awarded monetary damages, including costs, attorney fees, and interest on all monies held by the District of Columbia.

J. In the alternative, if it is determined that Plaintiff no longer has an enforceable lien against the Property based on its Certificate, that Plaintiff be awarded monetary damages, in an amount to be determined at trial, from the Trustee based on his negligence and breach of fiduciary duty.

K. In the alternative, if it is determined that Plaintiff no longer has an enforceable lien against the Property based on its Certificate, and that it is not entitled to be made whole by the Trustee or by Waterloo, that the Court order the District of Columbia to set aside the sale pursuant to D.C. Code § 47-1380 and in accordance with *Rupsha 2007, LLC v. Kellum*, 32 A.3d 402, 406 (D.C. 2011), including reimbursement of legal fees and expenses in an amount to be determined at trial.

The undersigned affirms and declares, under penalty of perjury, that the contents of the

foregoing Amended Complaint are, to the best of my knowledge, information and belief, true and correct.

Respectfully submitted,

LAW OFFICES OF ERIC HOWELL SAYLES, P.L.L.C.

_____/s/_____
Seth Slomovitz, Esq. (DC Bar #490958)
1155 Connecticut Ave, NW, Suite 650
Washington, DC  20036
Phone: (202) 232-7100
Fax: (202) 232-5204
E-mail: seth@sayleslegal.com
*Counsel for Plaintiff*